UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACK RYAN WILDER,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES GOVERNMENT,<br><br>        Defendant. | CASE NO. C24-5766-KKE<br><br>ORDER DISMISSING CASE |

This matter comes before the Court on the complaint filed by Plaintiff Jack Ryan Wilder, proceeding *pro se*. *See* Dkt. Nos. 5. In granting Mr. Wilder's application to proceed *in forma pauperis* ("IFP"), U.S. Magistrate Judge David W. Christel recommended that the Court screen the complaint under 28 U.S.C. § 1915(e)(2)(B) before issuing summons. Dkt. No. 4. Based on its review, the Court finds Mr. Wilder cannot state a valid claim upon which relief can be granted and dismisses the complaint with prejudice.

Mr. Wilder alleges he has been "neglected, doused, and deprived all my Life" and that "the government killed my aunt, mom, dad. Spooks have been replacing all my family except my dad." Dkt. No. 5 at 3. He further alleges the government has tortured him "via US Satellites." *Id.* at 5. Mr. Wilder has filed similar complaints in this district, which have all been dismissed for failure to state a claim. *See Wilder v. US Military*, No. 3:18-cv-5053-BHS, Dkt. No. 1-1 (W.D. Wash. filed Jan. 22, 2018); *Wilder v. DOC District of Columbia*, No. 2:23-cv-01552-TMC, Dkt. No. 7

ORDER DISMISSING CASE - 1

(W.D. Wash. filed Oct. 11, 2023); *Wilder v. United States Government*, 3:24-cv-05036-BHS, Dkt. No. 1-2 (W.D. Wash. filed Jan. 11, 2024).

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). Dismissal for failure to state a claim is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). Because Mr. Wilder is a *pro se* plaintiff, the Court must construe his pleadings liberally. *Id*. Nonetheless, his complaint must still contain factual allegations "enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The first and primary problem with the complaint is that Mr. Wilder's claims against the United States are barred by sovereign immunity. The United States, as a sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608 (1990). A waiver of the United States' sovereign immunity must be unequivocally expressed in statutory text. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Mr. Wilder does not identify any such express waiver of sovereign immunity that would entitle him to collect compensation from the United States. *See generally* Dkt. No. 5. Further, Mr. Wilder's claims appear to allege violations of his civil liberties and the United States has not waived its sovereign immunity from suit in actions seeking monetary damages for constitutional violations. *See Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988).

Second, a complaint may be subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if the allegations "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Although the Court does not doubt that Mr. Wilder's beliefs are sincere, these allegations of torture by satellite and replacement of his family members rise to the level of the wholly incredible and the complaint is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Given the deficiencies described above, the Court DISMISSES the complaint. Because the claims are barred by sovereign immunity and appear frivolous, the Court DISMISSES the claims WITH PREJUDICE because amendment would be futile. *See Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991); 28 U.S.C. § 1915(e)(2)(B).

Because the Court finds the action is frivolous, Mr. Wilder's IFP status should not continue if he chooses to appeal. *See* 28 U.S.C. § 1915(a)(3).

Dated this 3rd day of January, 2025.

*Kymberly K Evanson*
———————————————
Kymberly K. Evanson
United States District Judge